Good morning, and welcome to the Ninth Circuit. Judge McEwen and I wish to extend a warm welcome to Judge Mendoza, who is sitting with us for the first time since his appointment in September. We wish you a long and happy career in our common calling. Thank you, judges. I appreciate it, and I appreciate this moment to sit with both of you. It's a special moment for me because Judge Mendoza is taking my seat on the court, and my seat is a Washington seat, so we're really pleased that the appointment also came from Washington, but in this case, from eastern Washington. We will hear the cases in the order in which they are listed on the calendar. We have several cases submitted on the briefs, and the first case for argument is United States v. Stuker. Ms. Schwartz, you may proceed. Good morning, and may it please the Court, my name is Nancy Schwartz, and I represent the appellant, Mr. Michael Stuker, and may I please reserve two minutes for rebuttal? Keep an eye on the clock. We have raised several arguments on appeal in this case, but fortunately, the United States Supreme Court case of Taylor resolves all of them in favor of Mr. Stuker, and it certainly makes this case much easier to resolve as far as to analyze it. The first argument that we raised had to do with the expanded definition of physical force under the witness tampering statute, and the expanded definition includes physical action and confinement, and that by itself renders the statute overbroad so that it can't qualify as a crime of violence. Why is that? Can you give me an example of how confinement could be accomplished in a physical force within the meaning of Section 924? Before the district court, I focused more on the word confinement as opposed to the word physical action, and I think physical action clearly takes it out of the physical force, relying again on the Taylor decision, because in the Taylor case, it's very clear that the Supreme Court does not look at, you know, examples of when it can be used differently. It looks at the clear language of the elements clause, and it asks whether or not the two statutes match, and if they don't, they don't. They don't take the words out of order. They don't, you know, use attempt to modify a different word. They just very clearly ask that question, and then if they don't match, that's the end of the analysis. You don't get into the question about whether or not there are other instances where it doesn't qualify as physical force. Well, I'm not asking for, like, an actual case or a real-world example, but just an imagined example. Well, an imagined example would be just, for instance, if a person stood at the door of the courthouse and by his physical action prevented the witness to come into the courtroom. I mean, you don't think that would be—how would that work in a way that wouldn't entail at least an implicit threat of physical force? It doesn't have to have physical force. It only has to show physical action, and so— Ms. Schwartz, but don't we have more here? I mean, don't we have a situation where there was an individual that was seen with a firearm and in a menacing voice, according to the witnesses that were present? Wasn't this an actual threat, not an attempted threat? Well, and again, it circles around. It's so complicated as far as whether or not the statute is divisible or not divisible. Let's assume for a second that the court concludes that it was divisible. So let's assume that for a second. Isn't harmless error really controlling in this case, and aren't we then really arguing about that? Well, when you're assuming that the statute is divisible, you're assuming that it's divisible between threat and—not divisible between attempt and attempted threat, between those two. That's still not divisible as between those. So attempted, under the tailored analysis, is clearly not—does not qualify. So I just want you to assume that that's the case, that that's what the court ultimately concluded, that it was, in fact, divisible. Again, with regards to harmless error, why isn't this simply harmless error? In this particular case, it was assumed that the judge—the judge found that there was a completed threat, and how he did that was he said that an attempted threat has to be a threat that was made but was not completed or was not successful, you know, that the person ended up going ahead and testifying in court anyway. But that's not the only way a threat can be an attempted threat. It can also be an attempted threat if the person utters the words, but for whatever reason, the person doesn't believe that they are threatening. But what facts in this case indicate that it was an attempted threat? What facts did you— The facts—and I didn't include that in the excerpts of record, but certainly the complaint itself that was filed in the case indicates that the only words that were made were, I hope you don't do anything with Joe. And then also the victim, R.B., slammed the door and told Stuecker to get off the porch. And so a jury, listening to that, could very well have found not a completed threat but just an attempted threat that Mr. R.B. did not consider that to be threatening. I want to go back to the statutory analysis, if we might. It's where we started. And how do you reconcile that, under this language, attempts to do so? You argued that there's four different ways for that to happen under 1512, and yet when you go to the penalties, there's only penalties for three of those. How does that shake out in terms of statutory interpretation? When we're doing statutory interpretation, the timing on it is also important because you're looking at what was the statute at the time of the conviction, not necessarily how it's been interpreted now. And, I mean, obviously they were required to have a jury unanimously agree on the elements, but in this particular case, I think that that also supports the argument that this was just an attempted threat. The prosecutor, for whatever reason, had to include that in. That goes back to something different. It doesn't really answer my question about looking at the penalties under 1512, A3, where they talk about the three different categories, but you're imputing a fourth category into A2, big A. That's where I'm thinking that I'm not understanding the statutory argument because 1512, A3, actually just clearly sets out these three categories of penalties. So what is your response to the fact that that's how the statutory setup is in the statute as written? I didn't agree with how Judge Christensen split that out into those. There was the forced version and then the threat version. And then the threat version had the attempted threats as well, and so that was the version that had the 20 years, and then the forced version was the one that had the 30. Well, so, I mean, I guess I have the same concern. I think that maybe Judge McEwen does. So when I look at 1512, what is the punishment for an attempted threat? An attempted threat, under my analysis, is the 20. And where do I find that? Because you have to assume that it means something. I mean, there has to be a punishment under there. What Judge Christensen did is went down to that it's in the context of a criminal case, but when you do that, then that doesn't mean that there's not any punishment at all for an attempted threat if it's in the constraints of an official proceeding. The statute under Section 3, the punishment for this offense, which we've just been talking about, is, and then it talks, of course, about attempted murder, and then it talks about the use or attempted use of physical force, or that's one category, you get 30 years. Then it drops down to 20 years in the case of a threat of use of physical force. So maybe just circling back to Judge Miller's question, where's the punishment for the crime that you're carving out? Because of just the way subpart 2 is worded, physical force or the threat of physical force against any person or attempts to do so. So the attempts to do so modifies both the use of physical force and the threat of physical force. Don't you have to give meaning to the punishment section as well of that statute? Because then I go into the use of attempted use or attempted use falls into one category in the punishment. So let's say that you're correct. We now come to sentencing. What is the sentence? What statute do you look to for the sentence? How it was charged in this case, it was the 30. On the indictment, it was the 30. So you're saying that this is for a use or attempted use? Use or attempted use, and then the threat or attempted threat, I think is 20. So you want us to read 3C, where it says, in the case of the threat of use of physical force, as if it said threat or attempted threat of use. Because that's how it's worded in subpart 2. Okay. So in other words, you would need to change, in effect, the wording. If we disagree with you, of course, everything flows pretty naturally. But you're saying that, in effect, you would be amending subpart C to insert this attempt in there. And under what province or principle would you do that? Well, certainly you look at the punishment section to determine whether or not a statute is divisible. The issue here was whether or not the attempted threats and the threats was divisible from the use of force. And, again, my main focus here had to do with the physical action and how that expands the definition of physical force. Thank you. Thank you, Counsel. We took you over your time, but we'll give you two minutes for rebuttal. Thank you. May it please the Court, Tim Tatarka of the District of Montana on behalf of the United States. As we acknowledged in our 28J letter last week, it's the United States' understanding that under Taylor, 1512A2 is overbroad because one of the ways that it can be completed is by the element of a substantial step towards a threat. So then what's your answer to the question we were just asking your friend on the other side? Well, obviously, given the concession last week, you can tell that the Department struggled over this as well. I think the answer to that question would be that the purpose of Paragraph 3 was it was necessary for Congress to include use and attempted use under the 30-year cap in order to make it clear that attempted use as well as use was included at that higher level. And it wasn't necessary to include the language of intent with respect to use of a threat. I guess what I'm wondering is what was Mr. Stucker convicted of? What was he convicted of? What, in your view, was he ultimately convicted of here? And there's no question what he was charged with in the indictment was use or threatened use of force with that 30-year maximum. That's why, which goes to how the modified categorical approach should be applied here. There was an erroneous jury instruction, potentially. Potentially, there was an erroneous jury instruction that would have allowed for a conviction under attempt. That's what the district court found. But there's no question he was charged under use or attempted use. He was punished under use or attempted use. And under the modified categorical approach, the proper question is, could a properly instructed jury have convicted him for something overbroad? And the answer to that is no. Jury instruction number 11 indicates that the defendant used or attempted to use physical force or the threat of physical force. Correct. It doesn't say attempted use of physical force, does it? Say that again. In other words, was the jury instructed for attempted use of physical force? It was instructed under use or attempted use of physical force or the threat of force. Not an attempted threat. Exactly. Not attempted. Correct. What if we disagree with you on your first concession? In other words, if we're looking at this to know how to interpret the statute, we just disagree with? Well, the answer to that question is that answers the question for the case. If attempted threat is not covered under the statute, then Taylor doesn't apply. And it could not have been completed under attempted threat of force. So why? I mean, I'm trying to understand why you made the concession you did. Does the department, to your knowledge, are there cases in which the government has brought prosecutions for attempted threats under 1512? There is not. The case law in Seventh Circuit in England has a good analysis of just how far back completed threat goes, that a completed threat just has to be expressed. The department's concern is a scenario similar to the one that Justice Gorsuch outlines in Taylor, a situation where, just as in the robbery sense, an individual goes so far as cutting out the words of a threatening note, but before he gets to the mailbox to mail it or before he completes the threat, he has met the elements of attempted threat. So you've never had a case like that, but someday you might, and you would want to be able to prosecute it. That's the department's position. And if you brought such a prosecution in one, what would the punishment be? I do think the punishment would be the 20-year. Why would that be? I mean, what language in the 20-year statute fits the crime you just described? So the language in 3 says a case involving the threat of force, a case of, I think it just says a case of threat. So we would say that still involves a threat, involves an attempted threat, but that is still a case of a threat. And so we would say that language is broad enough to cover that. But going back to what Judge McEwen asked earlier, Ms. Schwartz, was we need to insert the word attempt in order to determine that this analysis is accurate. No, Your Honor, because there is no verb there at all. So it's case of a threat. So it doesn't, it neither says use or attempted use. We would be a little bit more caverned if it said the case of, in the case of use of force, 20-year sentence. Then we would say, well, you included the verb use. Why didn't you include the verb attempted use? Here there's no verb either way. Is there another statute that this attempt threat could be charged under? Yes. 1512B clearly covers it. 1512B covers threats. You would not need the extra element of it being a threat of use of force. It covers threats generally with that intent. So even if we agree with you on the attempted threat part, what's your answer to the separate argument that Ms. Schwartz made that it's overbroad because it covers confinement? And my answer to that is you have to look at confinement in the context of that definition. So the actual, the definition is definition of physical force. And the definition is physical action against another, including confinement. And so confinement necessarily is caverned by that definition. So we have to mean confinement in the sense of physical confinement against another, confinement of another. And so that fits safely within Stokeling's requirement that physical force require force sufficient to overcome resistance. If the resistance in this case is the resistance to being confined. So there are, you know, we've had some cases involving whether state false imprisonment offenses are a categorical match. And in at least some of those we said no because you could accomplish it by trickery or by secrecy. Does confinement in 1512, in your view, is it not that expansive? Correct, Your Honor, because otherwise you would need to read it as saying physical action against another, including confinement that does not involve physical action against another. And that just doesn't make any sense. It would be like saying the string quartet requires stringed instruments, including a tuba. That wouldn't make sense as a definition. So confinement has to be meant in terms of that physical action against another. Could you comment on the harmless error? So our position there is we don't ever get to harmless error because correctly applied, the modified categorical approach is cabined by the indictment. But if the court were to consider the erroneous jury instruction, the jury instruction, which is arguably overbroad, and I agree with Your Honor that that itself is an open question. If the court was going to get into instructional error, then it would have to apply harmless error, and the error would be harmless here. If there's no further questions, thank you, Your Honor. Thank you. Thank you. I think that the big problem here is that by all of these cases that have came down after the residual clause was held defunct is that everyone's trying to force a round peg into a square hole and trying to get the statute so that it fits under the elements clause when really it was clearly under the residual clause. That's how it qualified before. It doesn't qualify under the elements clause. And so you have to engage in all of this tortured reasoning to get there. And the Supreme Court in Taylor was very clear that it's not appropriate to do that anymore, that we only look at the language and that's all we do. We don't get into these hypotheticals and that sort of thing. Using Justice Gorsuch's language, he said Congress could have, using the language of 1512 in that, Congress could have sweeped in crimes that require as an element the use or attempted threatened use of force and those that involve physical action and includes confinement. But that's not what 924C says, and it really is as simple as that, that it's done after you look at that. I did want to comment on the jury instructions. There were also two other jury instructions that were given that did include the attempted threat, and those are, the three of them are at ER 33, 34, and 35. And then back to the issue about harmless error. Obviously that depends on whether or not the statute is divisible and what part of the statute is divisible if you're talking about the force or if you're talking about the threat version. And if you're talking about the threat version, that includes the attempted threats. And even if the jury found a completed threat in this case, that still is indivisible from an attempted threat, which we know is not a crime of violence. And then also as to the harmless error, with the test being if error is substantial and injurious effect or grave doubt on the jury's verdict, here the jury did not have to find a completed threat and most likely didn't, based on his words of telling Stuker to get off the porch and slam the door. Thank you, counsel. Thank you. Thank both counsel for their helpful arguments, and the case is submitted.
judges: McKEOWN, MILLER, UNKNOWN